The document below is hereby signed.

Signed: January 10, 2019

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DORITA DIXON, | ) | Case No. 18-00221 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM AND ORDER DENYING DEBTOR'S MOTION TO REINSTATE THE
STAY, COMPEL DOCUMENTS, AND REQUIRE STRICT PROOF OF CLAIM

On January 4, 2019, the debtor filed a *Motion for a Hearing to Reinstate the Stay and Compel Lender for Production of Documents and Strict Proof of Claim* (Dkt. No. 61)("*Motion*"). The court will deny the motion for the following reasons.

I

To the extent that the debtor seeks to have the court vacate its order granting relief from the automatic stay (Dkt. No. 53, entered on November 14, 2018), her *Motion*, which is governed by Fed. R. Civ. P. 60 (applicable under Fed. R. Bankr. P. 9024), fails to set forth grounds to justify vacating the order granting relief from the automatic stay. First, the debtor failed to oppose the motion for relief from the automatic stay. Her

failure to file her *Motion* until 51 days after the entry of the lift stay order is not a pursuit of Rule 60 relief within a reasonable period of time as required by Rule 60(c)(1). Second, even if the *Motion* were timely, she has not shown any ground under Rule 60 warranting granting her relief:

- She has not shown any "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) that would justify relief from the order.

- She has not laid out "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b)" under Rule 60(b)(2) that would justify vacating the order granting relief from the automatic stay.

- Finally, she has not set forth any facts establishing grounds under any other part of Rule 60 for vacating the order granting relief from the automatic stay.

Accordingly, the court denies the debtor's request to vacate its order granting relief from the automatic stay.

II

To the extent that the debtor seeks an injunction against the creditor, Wells Fargo, N.A. ("Wells Fargo"), independent of the automatic stay, pursuant to Fed. R. Bankr. P. 7001, such relief requires an adversary proceeding. Pursuant to Fed. R. Civ. P. 3 (applicable under Fed. R. Bankr. P. 7003), a party must commence an adversary proceeding by filing a complaint with the court. The debtor has not filed such a complaint, and therefore has not followed the proper procedures to pursue the relief that

she seeks.

III

The debtor also wishes to have the court require Wells Fargo to establish the validity of its claim and its standing to pursue the claim. As this court found in the related adversary proceeding (Adv. Pro. No. 18-10019), the Superior Court's October 25, 2016 order granting Wells Fargo a judgment on its claim for judicial foreclosure against the debtor's real property has adjudicated that Wells Fargo has an enforceable lien. In any event, the debtor has not proceeded in a procedurally correct fashion in seeking a determination of the validity of Wells Fargo's claim: the *Motion* is not a procedurally proper objection to Wells Fargo's claim, accompanied by the notice of the opportunity to the oppose the objection required by LBR 3007-1.

IV

With respect to the request for the court to compel Wells Fargo to produce documents, there is no pending contested matter within which she has pursued a request to produce documents that could form the predicate for pursuing such a motion. The debtor could have sought discovery from Wells Fargo incident to the litigation of the motion for relief from the automatic stay, but she failed to defend against that motion, and it is now too late for her to pursue discovery regarding that motion. The debtor has also not filed a motion under Fed. R. Bankr. P. 2004 seeking

authority to issue a subpoena to Wells Fargo for the production of documents. In any event, pursuant to LBR 9013-1(a), such a motion should be filed separately from any motion to vacate the lift stay order and from any complaint for injunctive relief.

V

For all of these reasons, it is

ORDERED that the *Motion for a Hearing to Reinstate the Stay and Compel Lender for Production of Documents and Strict Proof of Claim* is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

R:\Common\TeelSM\KLF\Vacate Order Granting Stay\Memorandum and Order Denying Motion to Reinstate Stay_Dorita Dixon v2.wpd